## FRANK YEARANCE, RESPONDENT, *v.* SALT LAKE . CITY, APPELLANT.

MUNICIPAL   CORPORATIONS. — NEGLIGENCE. — SIDEWALKS.—In   an
action against a municipal corporation for damages for a
personal injury caused to a pedestrian by a pile of bricks
placed upon a sidewalk by the employees of the city, it is not
error for the court to refuse to charge the jury that it must be
shown that the city had notice of the defect, or that it had
existed for such a length of time as to imply notice.

ID.—ID.— NEGLIGENCE OF AGENTS.—In an action like the above it
is not error for the court to instruct the jury that it was for
them to say whether or not the placing and leaving of a pile of
bricks upon the sidewalks by the agents of the city was negli-
gence in the city, for when the action is for the positive mis-
feasance of the defendant itself, no allegation of notice or want
of reasonable care is necessary.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial.  The
opinion states the facts.

*Mr. S. A. Merritt* and *Mr. J. L. Rawlins* for the ap-
pellant.

*Mr. John M. Zane,* with *Mr. O. W. Powers* on the
brief, for the respondent.

HENDERSON, J.:

This action was brought in the third district court to
recover damages claimed to have been occasioned by ob-
structions placed upon the streets by the defendant.  The
complaint, after alleging the corporate character and
duty of the defendant relative to streets, states the cause
of action as follows:  "And the plaintiff further alleges
that the defendant, on or about the twenty-first day of
November, A. D. 1888, placed, or caused to be placed, a pile
of bricks on the sidewalk, and on the north side of Third
South street, at or near where the west line of Third West

street intersects the same in said city—said pile of bricks extended across a portion of the sidewalk where footmen were accustomed to walk—and negligently left the same there." It further avers the injury, the exercise of due care by the plaintiff, and the damages. The defendant's answer to that part of the complaint above quoted is as follows: "And for further answer to plaintiff's complaint the defendant alleges that, in the operation and maintenance of its system of waterworks for supplying the inhabitants of said city with water for culinary and other purposes, it becomes necessary from time to time to repair the water-pipes, gates and valves pertaining to said waterworks, and to repair and replace the curbing surrounding the same; that, in making necessary repairs, and renewing the curbing of a water-gate or valve situated on Third South street, near the intersection of Third West street, in said city, about the 21st day of February, 1889, about seven hundred or eight hundred bricks were taken to said water-gate or valve, by order of the superintendent of water-works for said city, for the purpose of repairing and renewing the curbing thereof; and said bricks were carefully piled behind a tree opposite said valve, on the outer edge of the sidewalk, and in such a manner and position as to be the least possible obstruction thereto; that immediately thereafter the workmen commenced to lay said bricks and construct with them the necessary curbing for said water-gate or valve; that the said repairs or construction of said curbing were prosecuted with due diligence, and as rapidly as possible, until their completion, about the 23d of said month; that, at all times while said bricks remained on said sidewalk and street, they were in such a position as to cause no obstruction or danger to persons passing along said street or sidewalk, *    *    *    * that said bricks were not permitted to remain on said sidewalk any longer than was absolutely necessary for the completion of the aforesaid public work and repairs; that, at all times while they did remain, they were so placed as to leave the sidewalk free and unobstructed."

The case was brought to trial before a jury, and the court, after stating the plaintiff's complaint, among other

things charged the jury as follows: "The defendant, by its answer, admits the placing of about seven or eight hundred brick upon said sidewalk about the time stated in the complaint, and avers that the same were placed on the outer edge of the sidewalk, so as not to constitute an obstruction to travel thereon; that the placing of said brick at such a place was necessary in order to make certain repairs to the waterworks of said city; and that they were not permitted to remain there longer than was reasonably necessary in order to make said repairs.     *     *     *
It is the duty of the defendant to keep its sidewalks in a reasonably safe condition, so that persons can pass along and through the same safely, by the exercise of ordinary care and prudence, by day or by night; and the failure to do so renders it liable to anyone injured by reason of such failure, unless he is himself guilty of negligence contributing directly to the injury.   Negligence is the absence or want of that degree of care usually observed by an ordinarily careful and prudent person; and, before the plaintiff can recover in this action, he must have satisfied you, by a clear preponderance of the testimony, that the injuries for which he sues in this action were caused by the fault and negligence of the defendant, without any fault or negligence on his part contributing thereto.   If you find from the evidence, by a clear preponderance thereof, that the defendant, by its agents or employees, placed, or caused to be placed, on the sidewalk in question, a pile of bricks, and suffered the same to remain there on the night of the 21st of November, 1888, without placing any guards around, or lights upon or near the same, to protect travelers thereon by warning persons of danger, and that by reason thereof travel on the sidewalk was rendered dangerous, it is for you to say whether or not it was negligence of the defendant to leave said sidewalk in said condition."
The defendant requested the court to give several instructions to the effect that it was only the duty of the city to use reasonable care and diligence in keeping its streets and sidewalk in safe condition, and that it must be shown that the city had notice of the defect, or that it had existed such a length of time as to imply notice, all of which

were refused.    The jury found a verdict for the plaintiff, upon which judgment was entered.   Motion for a new trial was denied, and the defendant appeals from the judgment and the order denying the motion for a new trial.

The appellant contends in this court that the judgment and order should be reversed for the following reasons: *First*, that the court erred in instructing the jury that "defendant, by its answer, admits the placing of about seven or eight hundred brick upon said sidewalk about the time stated in the complaint;" *second*, that the court erred in instructing the jury that "it is the duty of the defendant to keep its sidewalks in a reasonably safe condition," etc.; *third*, that the court erred in refusing to give the instructions asked by defendant.

As to the first claim of error, we think the court correctly stated the substance of the answer.   It is expressly stated therein that the bricks were taken to and piled in the street by the agent of the defendant, in the discharge of his duties as such.

As to the second and third points made by appellant, they can be discussed together, for they relate to the same subject.   The appellant's contention is that, according to the instruction given, the duty of the city to keep its streets and sidewalks in safe condition is absolute and unconditional; that according to it the city would be liable for a defect happening by a sudden emergency of which it had no notice; that, therefore, the instruction given was erroneous, and instead thereof the jury should have been instructed, as requested, that it was only chargable with reasonable diligence and care to ascertain the condition of its streets and sidewalks, and that it would only be liable for injuries caused by defects of which it had notice, or which had existed so long as to charge it with notice.   It will be seen from the complaint above quoted that this action was not brought for the neglect of the corporation to put the streets in repair, or to remove obstructions therefrom, or remedy causes of danger occasioned by the wrongful acts of others, but the ground of the action is the positive misfeasance of the corporation.   The charge is that the defendant itself put the obstruction in the street

26

which caused the injury, and therefore no notice was re-quired as a condition of recovery. 2 Dill. Mun. Corp., Sec. 1020; 2 Thomp. Neg., 762. Instructions to juries should always be given and construed with reference to the issue on trial. Here the charge was that the defendant had itself, by its positive and affirmative act, placed a dangerous obstruction in the street; and as to that charge, and such acts of the defendant, it was its absolute and unconditional duty to keep its streets and sidewalks in a reasonably safe condition. To have instructed the jury relative to the conditions upon which the city would be liable for damages caused by defects in its streets other than those which it had itself put there would have been instructing them about a case not on trial, and would have been misleading. There is not error in the record, and the judgment and order appealed from should be affirmed.

BLACKBURN, J., concurred. ZANE, C. J., did not sit in this case, having been of counsel.